UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| GERARDO SERRANO, on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; <br><br> UNITED STATES OF AMERICA; <br><br> KEVIN McALEENAN, Commissioner, U.S. Customs and Border Protection, sued in his official capacity; <br><br> JUAN ESPINOZA, Fines, Penalties, and Forfeiture Paralegal Specialist, sued in his individual capacity; <br><br> JOHN DOE 1-X, Unknown U.S. Customs and Border Protection agents, sued in their individual capacities; <br><br> *Defendants*. | Civil Action No. 2:17-cv-00048-AM-CW |

**PLAINTIFF'S NOTICE REGARDING
RETURN OF SEIZED PROPERTY**

Plaintiff Gerardo Serrano submits this Notice to inform the Court that Plaintiff has now received the ammunition and magazine seized by Defendants.

Count I of Plaintiff's Complaint is now moot. *See* Doc. 1 ¶¶ 130-135. Count I sought the return of Plaintiff's "truck and all of its contents, his five bullets and his magazine, and the $3,804.99 that he posted as a bond." *Id.* ¶ 132. The government held all of that property for over two years without any kind of hearing or judicial process. Now, the government has returned all of Plaintiff's property without apology or explanation.

1

Notwithstanding this development, Counts II through IV of the Complaint are not moot. *See* Doc. 1 ¶¶ 136-160. Counts II and III seek damages and plainly are not moot. Meanwhile, Count IV seeks classwide injunctive and declaratory relief directing the government to provide a prompt post-seizure hearing when it seizes vehicles for civil forfeiture, and that claim remains alive because the "relation back" doctrine "enables the mooted named plaintiff to continue pursuing the class's claims." Newburg on Class Actions § 2:13 (5th ed.). *See* Doc. 55 at 8-12 (discussing application of relation-back doctrine to this case); Doc. 62 at 1-2 (same). Courts have applied the relation-back doctrine to class-action plaintiffs with identical due process claims. *See Krimstock v. Kelly*, 306 F.3d 40, 70 n.34 (2d Cir. 2002); *Washington v. Marion Cty. Prosecutor*, 264 F. Supp. 3d 957, 969-71 (S.D. Ind. 2017). Plaintiff's individual and class-wide claims should therefore continue to proceed.

Dated: May 29, 2018                                    Respectfully submitted,

                                                                                      /s/ Robert E. Johnson

Anya Bidwell (TX Bar No. 24101516)     Robert E. Johnson* (VA Bar No. 83219)
INSTITUTE FOR JUSTICE                   Darpana Sheth* (NY Bar No. 4287918)
816 Congress Ave., Suite 960            INSTITUTE FOR JUSTICE
Austin, TX 78701                        901 North Glebe Rd., Suite 900
Tel: (512) 480-5936                     Arlington, VA 22203
Fax: (512) 480-5937                     Tel: (703) 682-9320
Email: abidwell@ij.org                  Fax: (703) 682-9321
                                        Email: rjohnson@ij.org
                                                 dsheth@ij.org

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff Gerardo Serrano and the Proposed Plaintiff Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2018, a true and correct copy of the foregoing Notice was filed electronically using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                       /s/Robert E. Johnson